JEMMA E. DUNN
Nevada Bar No. 16229
MATTHEW T. HALE
Nevada Bar No. 16880
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
  *JDunn@GGTrialLaw.com*
  *MHale@GGTrialLaw.com*
  *MBurnette@GGTrialLaw.com*

Attorneys for Plaintiff
Vanessa Villanueva

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA VILLANUEVA, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>TESLA, INC., a Delaware corporation,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) NEGLIGENT SUPERVISION & RETENTION;**<br><br>**(2) DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(3) DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(4) HARASSMENT (N.R.S. § 613.330);**<br><br>**(5) HARASSMENT (42 U.S.C. § 2000e *et seq.*);**<br><br>**(6) RETALIATION (N.R.S. § 613.340);**<br><br>**(7) RETALIATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(8) DISCRIMINATION IN VIOLATION OF THE PWFA;**<br><br>**(9) FAILURE TO ACCOMMODATE IN VIOLATION OF THE PWFA;**<br><br>**(10) RETALIATION IN VIOLATION OF THE PWFA;** |

(11) **DISCRIMINATION IN VIOLATION OF THE NEVADA PWFA;**

(12) **FAILURE TO ACCOMMODATE IN VIOLATION OF THE NEVADA PWFA;**

(13) **FAILURE TO ENGAGE IN AN INTERACTIVE PROCESS IN VIOLATION OF THE NEVADA PWFA;**

(14) **RETALIATION IN VIOLATION OF THE NEVADA PWFA;**

(15) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**

(16) **ASSAULT;**

(17) **BATTERY.**

**DEMAND FOR JURY TRIAL**

Plaintiff Vanessa Villanueva ("Plaintiff" or "Ms. Villanueva") alleges as follows:

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.* and 42 U.S.C. 2000gg *et seq*. The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to each of Plaintiff's claims occurred in Washoe County, Nevada.

## NATURE OF THE ACTION

4.      Ms. Villanueva began working for Tesla as a Production Associate in July 2024. Beginning in August 2024, her team lead subjected her to severe sexual harassment, including rape. Tesla failed to prevent this harassment. In early January 2025, Ms. Villanueva discovered she was pregnant. On or about January 27, 2025, Ms. Villanueva disclosed her pregnancy and requested pregnancy-related accommodation. Tesla then terminated her employment on false and pretextual

1  grounds in pregnancy discrimination and retaliation.

2  <center>**PARTIES**</center>

3      5.     Plaintiff is and was at all relevant times herein, a resident of Washoe County, Nevada.

4      6.     Defendant Tesla, Inc. is a Delaware corporation that conducts business in Washoe

5  County.

6      7.     Defendants Tesla, Inc. will be hereafter collectively referred to as "Tesla, Inc."

7  <center>**FACTUAL ALLEGATIONS**</center>

8      8.     On or about July 8, 2024, Ms. Villanueva began working as a Production Associate

9  for Tesla at its Gigafactory in Sparks, Nevada.

10      9.     On or about July 23, 2024, Ms. Villanueva was transferred to work under supervisor

11  Dimitrios Fountas, where her team lead was Octavio Garcia, who had direct supervisory authority

12  over Ms. Villanueva's daily work assignments, breaks, and working conditions.

13      10.    Beginning in or around August 2024 and continuing through January 2025, Octavio

14  Garcia subjected Ms. Villanueva to severe and pervasive sexual harassment, including: (a) in late

15  August 2024, making sexually explicit comments about Ms. Villanueva in a bikini at a work party

16  and offering Ms. Villanueva money for sex; (b) beginning in early November 2024, providing

17  alcohol to Ms. Villanueva at work during shifts, causing her to become intoxicated; (c) engaging in

18  quid pro quo harassment by offering Ms. Villanueva extra breaks, early leave from work, and

19  favorable treatment in exchange for nude photographs; (d) repeatedly groping Ms. Villanueva's

20  breasts and buttocks on the production line; (e) sending Ms. Villanueva sexually explicit text

21  messages using pet names such as "babygirl" and "chula" and making sexual demands; and (f) in or

22  around mid-November 2024, raping Ms. Villanueva in an upstairs warehouse area without security

23  cameras while Ms. Villanueva was intoxicated from alcohol Garcia had provided at work.

24      11.    Despite this ongoing sexual harassment occurring openly on the production floor and

25  involving provision of alcohol during work shifts, Tesla failed to adequately supervise its workplace,

26  failed to monitor for inappropriate supervisor-subordinate relationships, and failed to prevent the

27  sexual harassment and assault of Ms. Villanueva by Garcia, whom Tesla had negligently placed in

28  a supervisory position with authority over Ms. Villanueva.

<center>-3-</center>
<center>COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL</center>

12.     In or around early January 2025, Ms. Villanueva discovered she was pregnant and began experiencing pregnancy-related medical symptoms requiring medical attention and time off from work.

13.     Between January 15, 2025 and January 26, 2025, Ms. Villanueva called in sick on multiple days due to pregnancy-related medical conditions.

14.     On or about January 26, 2025, when Tesla's call-out system was not operational, Ms. Villanueva texted her supervisor Dimitrios Fountas explaining she had "personal medical stuff going on" and requested to meet in person to discuss her medical situation and need for time off work.

15.     On or about January 27, 2025, Ms. Villanueva met with Dimitrios Fountas in his office, disclosed her pregnancy, provided the doctor's notes excusing her prior absences due to pregnancy-related medical conditions, and requested time off to accommodate her pregnancy-related medical needs. Fountas told Ms. Villanueva she could take the rest of the day off and could take time off for a leave of absence, verbally approving her request for pregnancy-related accommodation.

16.     On or about January 30, 2025, three days after Ms. Villanueva disclosed her pregnancy and requested pregnancy-related accommodation, Tesla terminated Ms. Villanueva's employment on a false and pretextual basis. In reality, Tesla terminated Ms. Villanueva in discrimination based on her sex and pregnancy and in retaliation for her protected activity.

17.     *Summary of Plaintiff's Protected Statuses and Activity*: Plaintiff is a woman who was pregnant during her employment with Tesla. Plaintiff's protected activities include disclosing her pregnancy to her supervisor, requesting reasonable accommodation for pregnancy-related medical conditions, taking leave for those conditions.

18.     On May 26, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On September 10, 2025, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

19.     *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b);

Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

20.    *Reckless Indifference and Conscious Disregard*: Defendant Tesla, Inc. knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet Defendant Tesla, Inc. willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

21.    *Malice*: The conduct of Defendant Tesla, Inc. was committed with malice, including that (a) Defendant Tesla, Inc. acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of Defendant Tesla, Inc. was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

22.    *Oppression:* In addition, and/or alternatively, The conduct of Defendant was committed with oppression, including that the actions of Defendant Tesla, Inc. against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

23.    *Fraud:* In addition, and/or alternatively, the conduct of Defendant Tesla, Inc., as alleged, was fraudulent, including that Defendant Tesla, Inc. asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

24.    Further, Defendant Tesla, Inc. is liable for the wrongful acts of its employees, including its supervisory personnel, because Defendant Tesla, Inc. had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## FIRST CLAIM FOR RELIEF

### Negligent Supervision & Retention

### (Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)

25.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

26.     Plaintiff was employed by Defendant Tesla, Inc..

27.     Defendant Tesla, Inc. had a duty to use reasonable care in supervising and retaining employees who would be interacting with Plaintiff and other employees.

28.     Defendant Tesla, Inc. breached this duty by: a. Failing to properly train employees on appropriate workplace conduct and compliance with labor laws; b. Failing to adequately supervise employees to ensure they were not engaging in unlawful practices; c. Failing to investigate complaints or reports of misconduct by employees; and, d. Retaining employees known or should have known were engaging in unlawful practices.

29.     As a direct and proximate result of the actions of Defendant Tesla, Inc., Plaintiff has and will continue to suffer harm, including lost earnings, salary, and other job benefits, and humiliation, embarrassment, and emotional distress, according to proof.

30.     Due to this action, it has been necessary for Plaintiff to expend court costs to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

31.     The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

**SECOND CLAIM FOR RELIEF**

**Workplace Discrimination in Violation of N.R.S. § 613.330**

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

32.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

33.     Plaintiff was employed by Defendant Tesla, Inc., as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

34.     The acts and omissions of Defendant Tesla, Inc., as more fully set forth herein, constituted discrimination on the bases of a protected status or statuses within the meaning of N.R.S. § 613.330.

35.     Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

36.     Plaintiff charges that Defendant Tesla, Inc. discriminated against the Plaintiff based on her protected status or statuses.

37.     As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

38.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

39.     The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for

Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

40.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

41.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

42.     Plaintiff was an employee of Defendant Tesla, Inc., as defined by 42 U.S.C. § 2000e(b), and thus is barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

43.     Defendant Tesla, Inc. took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

44.     The discriminatory acts of Defendant Tesla, Inc. have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

45.     The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to

1  make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

2    46.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees.

3  Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and

4  costs in an amount according to proof.

5  **FOURTH CLAIM FOR RELIEF**

6  **Workplace Harassment in Violation of N.R.S. § 613.330 *et seq.***

7  **(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

8    47.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

9  herein by reference.

10    48.    Plaintiff was employed by Defendant Tesla, Inc..

11    49.    The acts and omissions of Defendant Tesla, Inc., as more fully set forth herein,

12  constituted harassment on the bases of Plaintiff's protected status or statuses.

13    50.    Plaintiff is within the class of persons that N.R.S. 613.330 intends to protect and

14  harass on the basis of her protected status or statuses is the type of injury prohibited by N.R.S.

15  613.330.

16    51.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or

17  intimidation based on her protected status or statuses.

18    52.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's

19  employment and created a work environment that was abusive, intimidating, hostile, or offensive to

20  employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's

21  work performance.

22    53.    Plaintiff perceived the working environment to be abusive or hostile, and a

23  reasonable person in Plaintiff's circumstances would have considered the work environment to be

24  hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

25    54.    At the time of the relevant conduct, those who personally perpetrated the harassment

26  were acting as Plaintiff's supervisors.

27    55.    Defendant Tesla, Inc. had a duty to prevent and promptly correct the harassing

28  behavior. Defendant Tesla, Inc. breached this duty by failing to prevent the harassment, despite

having prior knowledge of the harassing conduct. Defendant Tesla, Inc. similarly breached its duty by failing to remedy the harassment.

56.     As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

57.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

58.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FIFTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

59.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

60.     Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

61.     Plaintiff was an employee of Defendant Tesla, Inc., as defined by 42 U.S.C. § 2000e(b), and thus is barred from discriminating against any person or creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

62.     Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

63.     The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's

1  employment and created a work environment that was abusive, intimidating, hostile, or offensive to

2  employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's

3  work performance.

4       64.    Plaintiff perceived the working environment to be abusive or hostile, and a

5  reasonable person in Plaintiff's circumstances would have considered the work environment to be

6  hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

7       65.    At the time of the relevant conduct, those who personally perpetrated the harassment

8  were acting as Plaintiff's supervisors.

9       66.    Defendant Tesla, Inc. had a duty to prevent and promptly correct the harassing

10  behavior. Defendant Tesla, Inc. breached this duty by failing to prevent the harassment, despite

11  having prior knowledge of the harassing conduct. Defendant Tesla, Inc. similarly breached its duty

12  by failing to remedy the harassment.

13       67.    The acts alleged herein have caused damage and harm to Plaintiff, including lost

14  earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation,

15  emotional distress, and mental and physical pain and anguish, in an amount according to proof at

16  trial.

17       68.    The acts alleged herein were undertaken with the malice, with intent to injure

18  Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute

19  oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's

20  rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and

21  exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example

22  of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

23       69.    Plaintiff has incurred and will continue to incur legal expenses and attorneys' fees.

24  Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and

25  costs in an amount according to proof.

26  ///

27  ///

28  ///

## SIXTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

### (Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)

70.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

71.     Plaintiff was employed by Defendant Tesla, Inc..

72.     Plaintiff engaged in protected activity.

73.     Defendant Tesla, Inc. was aware of Plaintiff's protected activity.

74.     After engaging in protected activity, Plaintiff suffered an adverse employment action.

75.     There is a causal connection between Plaintiff's protected activity and the adverse employment action.

76.     The conduct of Defendant Tesla, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

77.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

78.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

/ / /

/ / /

/ / /

-12-

## **SEVENTH CLAIM FOR RELIEF**

### **Retaliation in Violation of 42 U.S.C. § 2000e** *et seq.*

### **(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

79.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

80.     Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

81.     Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(f).

82.     Defendant Tesla, Inc. is an employer, as defined by 42 U.S.C. § 2000e(b), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

83.     Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq.*

84.     As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, Defendant Tesla, Inc. engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

85.     The conduct of Defendant Tesla, Inc. constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

86.     The conduct of Defendant Tesla, Inc. alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

87.     The acts alleged herein were undertaken with the malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and

-13-

1  deter Defendant Tesla, Inc. from engaging in such conduct in the future.

2      88.    Plaintiff has incurred and continue to incur legal expenses and attorneys' fees.

3  Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and

4  costs in an amount according to proof.

5  ### EIGHTH CLAIM FOR RELIEF

6  **Discrimination in Violation of the Pregnant Workers Fairness Act**

7  **(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

8      89.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

9  herein by reference.

10     90.    Plaintiff was an employee of Defendant Tesla, Inc..

11     91.    Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related

12  medical conditions. These conditions were known physical or mental condition(s).

13     92.    Plaintiff notified Defendant Tesla, Inc. of these known limitations related to her

14  pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable

15  accommodation for the same.

16     93.    Plaintiff was qualified to perform the essential functions of her job, with or without

17  reasonable accommodation.

18     94.    Plaintiff was denied employment opportunities and subjected to adverse actions by

19  Defendant Tesla, Inc. because Defendant Tesla, Inc. was required to make reasonable

20  accommodations for Plaintiff.

21     95.    As a direct and proximate result of the violations and conduct described herein,

22  Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and

23  benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer

24  great financial, mental and emotional injury, pain and distress.

25     96.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with

26  intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and

27  constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for

28  Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of

punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

97.     Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

## NINTH CLAIM FOR RELIEF

**Failure to Accommodate in Violation of the Pregnant Workers Fairness Act**

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

98.     The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

99.     Plaintiff was an employee of Defendant Tesla, Inc..

100.    Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related medical conditions. These conditions were known physical or mental condition(s).

101.    Plaintiff notified Defendant Tesla, Inc. of these known limitations related to her pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable accommodation for the same.

102.    Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

103.    Under the Pregnant Workers Fairness Act of 2022 ("PWFA"), 42 U.S.C. § 2000gg, *et seq*., employers, including Defendant Tesla, Inc., are required to provide employees with reasonable accommodation(s) related to their pregnancy, childbirth, and/or related medical conditions.

104.    Defendant Tesla, Inc. failed to provide reasonable accommodation(s) for conditions arising out of Plaintiff's pregnancy, childbirth, or other related medical conditions.

105.    Defendant Tesla, Inc. required Plaintiff to take leave when at least one other reasonable accommodation could have been provided to the known physical or mental condition(s) related to her pregnancy, childbirth, and/or related medical conditions.

106.    The failure of Defendant Tesla, Inc. to provide reasonable accommodation

1    constitutes a violation of the PWFA.

2        107.    The acts of Defendant Tesla, Inc. alleged herein have caused damage and harm to

3    Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff

4    to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount

5    according to proof at trial.

6        108.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with

7    intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and

8    constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for

9    Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of

10   punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to

11   make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

12       109.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

13   the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant

14   to N.R.S. § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

15                      **<u>TENTH CLAIM FOR RELIEF</u>**

16          **Retaliation in Violation of the Pregnant Workers Fairness Act**

17       **(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

18       110.    The allegations set forth in preceding paragraphs are re-alleged and incorporated

19   herein by reference.

20       111.    Plaintiff was an employee of Defendant Tesla, Inc..

21       112.    Plaintiff experienced conditions arising out of pregnancy, childbirth, or other related

22   medical conditions. These conditions were known physical or mental condition(s).

23       113.    Plaintiff notified Defendant Tesla, Inc. of these known limitations related to her

24   pregnancy, childbirth, and/or related medical conditions, as well as the need for reasonable

25   accommodation for the same.

26       114.    Plaintiff was qualified to perform the essential functions of her job, with or without

27   reasonable accommodation.

28       115.    Defendant Tesla, Inc. was an employer and thus was barred from taking adverse

action in terms, conditions, or privileges of employment against employees on account of their requesting or using a reasonable accommodation to conditions arising out of pregnancy, childbirth, or other related medical conditions.

116.    Plaintiff requested and/or used a reasonable accommodation to conditions arising out of her pregnancy, childbirth, or other related medical conditions ("protected activity"). As a direct result of Plaintiff's protected activity, Defendant Tesla, Inc. took adverse action against Plaintiff, including but not limited to termination. The conduct of Defendant Tesla, Inc. constitutes retaliation in violation of the PWFA.

117.    The retaliatory conduct of Defendant Tesla, Inc. has caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and has caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

118.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

119.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under 42 U.S.C. § 2000gg-2(a).

## ELEVENTH CLAIM FOR RELIEF

### Discrimination in Violation of the Nevada Pregnant Workers' Fairness Act

### (Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)

120.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

121.    Plaintiff was an employee of Defendant Tesla, Inc..

122.    During her employment with Defendant Tesla, Inc., Plaintiff experienced mental or

physical conditions intrinsic to pregnancy or childbirth.

123.    Plaintiff notified Defendant Tesla, Inc. of these intrinsic condition as well as the need for reasonable accommodation for the same.

124.    Plaintiff was denied employment opportunities and subjected to adverse employment actions by Defendant Tesla, Inc. based on the Plaintiff's need for a reasonable accommodation for her condition relating to pregnancy, childbirth or a related medical condition.

125.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

126.    The acts of Defendant Tesla, Inc. alleged herein were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm.  As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc., and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

127.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## TWELFTH CLAIM FOR RELIEF

**Failure to Accommodate in Violation of the Nevada Pregnant Workers' Fairness Act**

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

128.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

129.    Plaintiff was an employee of Defendant Tesla, Inc..

130.    During her employment with Defendant Tesla, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

131.    Plaintiff requested Defendant Tesla, Inc. to provide a reasonable accommodation for

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

her mental or physical conditions intrinsic to pregnancy or childbirth.

132.    In violation of the Nevada Pregnant Workers' Fairness Act, Defendant Tesla, Inc. refused to provide a reasonable accommodation to Plaintiff for her mental or physical conditions intrinsic to pregnancy or childbirth.

133.    Defendant Tesla, Inc. required Plaintiff to take leave from employment when at least one other reasonable accommodation was available that would have allowed Plaintiff to continue to work.

134.    As a direct and proximate result of the unlawful conduct of Defendant Tesla, Inc., Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

135.    Defendant Tesla, Inc. knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

136.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### THIRTEENTH CLAIM FOR RELIEF

**Failure to Engage in an Interactive Process in Violation of the Nevada Pregnant Workers' Fairness Act**

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

137.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

138.    Plaintiff was an employee of Defendant Tesla, Inc..

139.    During her employment with Defendant Tesla, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

140.    Plaintiff requested Defendant Tesla, Inc. to provide a reasonable accommodation for her mental or physical conditions intrinsic to pregnancy or childbirth.

141.    Pursuant to the Nevada Pregnant Workers' Fairness Act, Nevada employers must engage in a timely, good faith and interactive process to determine an effective, reasonable accommodation for an employee requesting such an accommodation

142.    In violation of the Nevada Pregnant Workers' Fairness Act., Defendant Tesla, Inc. failed to engage in a timely, good faith and interactive process.

143.    As a direct and proximate result of the unlawful conduct of Defendant Tesla, Inc., Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

144.    Defendant Tesla, Inc. knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

145.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## FOURTEENTH CLAIM FOR RELIEF

### Retaliation in Violation of the Nevada Pregnant Workers' Fairness Act

### (Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)

146.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

147.    Plaintiff was an employee of Defendant Tesla, Inc..

148.    During her employment with Defendant Tesla, Inc., Plaintiff experienced mental or physical conditions intrinsic to pregnancy or childbirth.

149.    Plaintiff requested and/or used a reasonable accommodation intrinsic to pregnancy or childbirth. ("protected activity"). As a direct result of Plaintiff's protected activity, Defendant Tesla, Inc. took adverse employment action against Plaintiff, including but not limited to termination. The conduct of Defendant Tesla, Inc. constitutes retaliation in violation of the Nevada Pregnant Workers' Fairness Act.

150.    As a direct result of Plaintiff's protected activity, Defendant Tesla, Inc. took adverse action against Plaintiff, including but not limited to termination. The conduct of Defendant Tesla, Inc. constitutes retaliation in violation of the PWFA.

151.    As a direct and proximate result of the unlawful conduct of Defendant Tesla, Inc., Plaintiff suffered economic damages, emotional distress, and other losses in an amount to be determined at trial.

152.    Defendant Tesla, Inc. knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

153.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

### FIFTEENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)**

154.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

155.    By the actions described hereinabove—including the workplace sexual harassment committed by Octavio Garcia, of which Defendant Tesla, Inc. knew or should have known—Defendant Tesla, Inc. intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress by failing to take any reasonable steps to prevent or stop such misconduct.

156.    The conduct of Defendant Tesla, Inc., including its failure to address and remedy Octavio Garcia's known pattern of workplace sexual harassment, caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety, in an amount subject to proof at trial.

157.    The actions and omissions of Defendant Tesla, Inc. were intentional and carried out

with willful disregard for the well-established and well-known legal rights of Plaintiff. As a direct and proximate result of Tesla's failure to act in the face of Octavio Garcia's ongoing harassment, Plaintiff has been damaged and will continue to be damaged in an amount to be proven at trial.

158.    The actions of Defendant Tesla, Inc. were done willfully, oppressively, maliciously, and in callous indifference to Plaintiff's rights, thereby entitling Plaintiff to an award of punitive damages.

159.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

## SIXTEENTH CLAIM FOR RELIEF

### Assault

### (Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)

160.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

161.    Defendant Tesla, Inc., through the wrongful conduct of its employee Octavio Garcia—whose ongoing pattern of workplace sexual harassment was known or should have been known to Tesla—willfully and intentionally engaged in conduct that placed Plaintiff in reasonable apprehension of imminent harmful or offensive contact by failing to prevent, discipline, or remove Garcia despite knowledge of his misconduct.

162.    At the time of these actions, Plaintiff reasonably believed she was in immediate danger of being physically harmed as a result of Octavio Garcia's conduct, which Tesla knowingly allowed to continue unabated.

163.    The actions of Octavio Garcia, coupled with Tesla's knowing failure to act, were intentional, malicious, and carried out for the purpose of causing Plaintiff to fear imminent harm.

164.    As a direct and proximate result of the conduct of Octavio Garcia and the corresponding acts and omissions of Defendant Tesla, Inc., Plaintiff has suffered and continues to suffer damages, including, but not limited to, emotional distress, fear, anxiety, and mental anguish.

165.    Plaintiff is entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Octavio Garcia and the failure of Defendant Tesla, Inc. to prevent or

intervene in response to his known pattern of harassment.

166.    The acts and omissions of Defendant Tesla, Inc. alleged herein—including its conscious disregard of the known danger posed by Octavio Garcia—were undertaken with malice, with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct undertaken with knowing disregard for Plaintiff's rights and the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc. and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

## SEVENTEENTH CLAIM FOR RELIEF

### Battery

### (Plaintiff Vanessa Villanueva against Defendant Tesla, Inc.)

167.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

168.    Defendant Tesla, Inc., through the acts of its employee Octavio Garcia—whose ongoing pattern of workplace sexual harassment was known or should have been known to Tesla—willfully and intentionally caused harmful or offensive contact with Plaintiff's person without Plaintiff's consent by failing to prevent, correct, or intervene in Garcia's misconduct.

169.    Plaintiff did not consent to any of the harmful or offensive contact made by Octavio Garcia, which was enabled and permitted to continue by Defendant Tesla, Inc.

170.    The actions of Octavio Garcia, and Tesla's knowing failure to act despite its awareness or constructive knowledge of Garcia's pattern of misconduct, were intentional, malicious, and undertaken with the knowledge that such physical contact was harmful or offensive to Plaintiff. As a direct and proximate result of this conduct, Plaintiff has suffered and continues to suffer damages, including, but not limited to, physical injury, pain, suffering, emotional distress, and medical expenses. Plaintiff is therefore entitled to compensatory damages for the injuries and harm suffered as a result of the conduct of Octavio Garcia and Defendant Tesla, Inc.

171.    The acts and omissions of Defendant Tesla, Inc. alleged herein—including its conscious disregard of the foreseeable risk posed by Octavio Garcia—were undertaken with malice,

with intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct undertaken with knowing disregard for Plaintiff's rights and the inevitable resulting harm. As a result, Plaintiff is entitled to punitive and exemplary damages in an amount sufficient to punish Defendant Tesla, Inc. and to make an example of and deter Defendant Tesla, Inc. from engaging in such conduct in the future.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiffs would have received but for Defendant's wrongful conduct;

2.      Emotional distress damages;

3.      Punitive and exemplary damages in an amount sufficient to punish Defendant, and to make an example of and deter Defendant from engaging in such conduct in the future;

4.      For an award of reasonable attorneys' fees and costs incurred in this action;

5.      For pre-judgment and post-judgment interest, as provided by law; and

6.      For other and further relief as the Court may deem just and proper.

DATED: November 26, 2025              GREENBERG GROSS LLP

By:  */s/ Jemma E. Dunn*
Jemma E. Dunn
Matthew T. Hale
Michael A. Burnette

Attorneys for Plaintiff
Vanessa Villanueva

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Vanessa Villanueva hereby demands a jury trial.

DATED: November 26, 2025                GREENBERG GROSS LLP


                                        By:  */s/ Jemma E. Dunn*
                                             Jemma E. Dunn
                                             Matthew T. Hale
                                             Michael A. Burnette

                                             Attorneys for Plaintiff
                                             Vanessa Villanueva

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL